ORIGINAL

U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED

FEB 16 2011

CLERK, U.S. DISTRICT COURT
By_____
Deputy

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| JACQUELINE O. RICHARDSON, § <br> Petitioner, § <br> § <br> VS. § <br> § <br> JOE KEFFER, WARDEN, § <br> FMC-CARSWELL, § <br> Respondent. § | | Civil Action No. 4:10-CV-729-Y |

## FINDINGS, CONCLUSIONS, AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE
## AND NOTICE AND ORDER

This cause of action was referred to the United States Magistrate Judge pursuant to the provisions of 28 U.S.C. § 636(b), as implemented by an order of the United States District Court for the Northern District of Texas. The Findings, Conclusions, and Recommendation of the United States Magistrate Judge are as follows:

### I. FINDINGS AND CONCLUSIONS

#### A. NATURE OF THE CASE

This is a petition for writ of habeas corpus by a federal prisoner pursuant to 28 U.S.C. § 2241.

#### B. PARTIES

Petitioner Jacqueline O. Richardson, Reg. No. 28511-180, is a federal prisoner incarcerated in FMC-Carswell in Fort Worth, Texas.

Respondent Joe Keffer is Warden of FMC-Carswell.

C. Procedural History

On April 24, 2003 a jury found Richardson guilty of one count of conspiracy to commit health care fraud and false statements, in violation of 18 U.S.C. § 371, one count of aiding and abetting health care fraud, in violation of 18 U.S.C. §§ 1347 and 2, seventeen counts of false statements relating to health care fraud, in violation of 18 U.S.C. §§ 35 and 2, one count of conspiracy to launder monetary instruments, in violation of 18 U.S.C. § 1956(h), and four counts of aiding and abetting money laundering promotion, in violation of 18 U.S.C. § 1956(a)(1), in the United States District Court for the Western District of Texas, Austin Division. (Resp't App. at 1) Richardson was sentenced on August 15, 2003. Her convictions were affirmed on appeal and her motion for postconviction relief via 28 U.S.C. § 2255 in the convicting court was denied. (*Id.* at 25, 27) *See also United States v. Richardson*, PACER, U.S. Party/Case Index, Criminal Docket for # 1:01-CR-00233-WWJ-1. Richardson filed this federal petition wherein she challenges her convictions under § 2241 in this division, where she is currently serving her sentences. The government has filed a motion to dismiss the petition for lack of jurisdiction.

D. Issues

Richardson raises the following claims in the petition:

(1) The Supreme Court decisions in *Skilling v. United States*, 130 S. Ct. 2896 (2010), *Black v. United States*, 130 S. Ct. 2963 (2010), and *Weyhrauch v. United States*, 130 S. Ct. 2971 (2010), have made the conduct for which she was convicted "non criminal"[1];

(2) She offered her files for investigative purposes, "but no one ever came forward to meet with scheduled appointments to review" the files;

---

[1] In these cases, the Supreme Court contemporaneously considered the issue of the constitutionality of the honest services fraud statute in 18 U.S.C. § 1346, with *Skilling* resulting in the Court's lead opinion.

2

(3) An old conviction was improperly used to enhance her sentences;

(4) There were no "remedial remedies" offered to her and relevant records were not provided to the jury at their request;

(5) The government used lies and false testimony to obtain her convictions; and

(6) She was prevented from contacting witnesses and talking to the jury at her trial.

(Pet. at 5-6)

E. DISCUSSION

Typically, § 2241 is used to challenge the manner in which a sentence is executed. *See Warren v. Miles*, 230 F.3d 688, 694 (5th Cir. 2000). Section 2255, on the other hand, is the primary means under which a federal prisoner may collaterally attack the legality of a conviction or sentence. *See Cox v. Warden, Fed. Det. Ctr.*, 911 F.2d 1111, 1113 (5th Cir. 1990). Section 2241 may be used by a federal prisoner to challenge the legality of a conviction or sentence only if she can satisfy the mandates of the so-called § 2255 "savings clause." *See Reyes-Requena v. United States*, 243 F.3d 893, 901 (5th Cir. 2001). Section 2255 provides that a prisoner may file a writ of habeas corpus if a remedy by § 2255 motion is "inadequate or ineffective to test the legality of his detention." *See* 28 U.S.C. § 2255. To establish that a § 2255 motion is inadequate or ineffective, the prisoner must show that: (1) her claim is based on a retroactively applicable Supreme Court decision which establishes that she may have been convicted of a nonexistent offense, and (2) her claim was foreclosed by circuit law at the time when the claim should have been raised in her trial, appeal, or first § 2255 motion. *Reyes-Requena*, 243 F.3d at 904. The petitioner bears the burden of demonstrating that the § 2255 remedy is inadequate or ineffective. *Pack v. Yusuff*, 218 F.3d 448, 452 (5th Cir. 2000).

Although *Skilling* was decided after Richardson's trial, appeal, and first § 2255 motion, she cannot satisfy the first prong of the savings clause. The Supreme Court has not held *Skilling* applies retroactively to cases on collateral review, and, contrary to her assertion, Richardson cannot demonstrate that she was convicted of a nonexistent offense. *See Padilla v. United States,* 416 F.3d 424, 426 (5th Cir. 2005) (quoting *Reyes-Requena,* 243 F.3d at 904); *see also Christopher v. Miles,* 342 F.3d 378, 382 (5th Cir. 2003) (citing *Reyes-Requena,* 243 F.3d at 900-01). Richardson was convicted of offenses related to a scheme to defraud Medicare under 18 U.S.C. § 1347. In *Skilling,* the Supreme Court held that 18 U.S.C. § 1346[2] criminalizes only bribery and kickback schemes, *i.e.,* fraudulently depriving another of one's honest services by accepting bribes or kickbacks. *Skilling,* 130 S. Ct. at 2933. As noted by the government, Richardson was neither indicted for nor convicted of any offense based in any way on the "honest services" doctrine set out in 18 U.S.C. § 1346. Nor were there allegations of honest services fraud, explicitly or implicitly, under 18 U.S.C. § 1346, in the indictment or honest-services instructions given to the jury. (Resp't Mot. to Dismiss at 5-6; Resp't App. at 28-65) *See United States v. Hoeffner,* — F.3d —, 2010 WL 4648480, at *4-6 (5th Cir. Nov. 18, 2010); *United States v. Anderson,* No. 3:10-CV-1550-B, 2010 WL 4623831, at *1-2 (N.D.Tex. Oct. 20, 2010). *Compare Black,* 130 S. Ct. at 2970. Thus, the Supreme Court's holding in *Skilling* is neither relevant nor applicable to Richardson's convictions.

As to Richardson's remaining claims, she cannot satisfy either prong of the savings clause. Nor can she rely on § 2241 to avoid procedural hurdles presented under § 2255, such as the one-year

---

[2]Section 1346 provides:

> For the purposes of this chapter, the term "scheme or artifice to defraud" includes a scheme or artifice to deprive another of the intangible right of honest services.

4

statute of limitations or the restriction on filing second or successive motions to vacate. *See Jeffers v. Chandler*, 253 F.3d 827, 830 (5th Cir. 2001) (holding that prior unsuccessful § 2255 motion or the inability to meet the statute's second or successive requirement does not make § 2255 inadequate or ineffective); *Pack*, 218 F.3d at 453 (citing *Toliver v. Dobre*, 211 F.3d 876, 878 (5th Cir. 2000) (holding that prior, unsuccessful § 2255 motion, the limitations bar, and successiveness do not render the § 2255 remedy inadequate or ineffective).

## II. RECOMMENDATION

Based on the foregoing, it is recommended that the government's motion to dismiss be granted, and Richardson's petition for writ of habeas corpus under § 2241 be dismissed for lack of jurisdiction.

## III. NOTICE OF RIGHT TO OBJECT TO PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATION AND CONSEQUENCES OF FAILURE TO OBJECT

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 10 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The court is extending the deadline within which to file specific written objections to the United States Magistrate Judge's proposed findings, conclusions, and recommendation until March 9, 2011. In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved

party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

## IV. ORDER

Under 28 U.S.C. § 636, it is ordered that each party is granted until March 9, 2011, to serve and file written objections to the United States Magistrate Judge's proposed findings, conclusions, and recommendation. It is further ordered that if objections are filed and the opposing party chooses to file a response, a response shall be filed within seven (7) days of the filing date of the objections.

It is further ordered that the above-styled and numbered action, previously referred to the United States Magistrate Judge for findings, conclusions, and recommendation, be and hereby is returned to the docket of the United States District Judge.

SIGNED February __16__, 2011.

_____
JEFFREY L. CURETON
UNITED STATES MAGISTRATE JUDGE